IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL REEVES, | * | |
| Plaintiff, | * | |
| v. | * | CV 123-076 |
| NATHAN LONG and VETERANS UNITED MORTGAGE COMPANY, | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff's motion for entry of default. (Doc. 5.)  For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff "request[s] that the clerk of court enter default against [D]efendant Nathan Long of Veterans United pursuant to Federal Rule of Civil Procedure 55(a)."  (Id. at 1.)  Under Rule 55(a), the entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  FED. R. CIV. P. 55(a).  However, before a clerk's default can be issued, "the serving party must establish that defaulting party was properly served." FDIC for Hillcrest Bank Fla. v. Colony Corp. Ctr., LLC, No. 2:10-cv-774, 2011 WL 13294823, at *1 (M.D. Fla. Apr. 7, 2011) (citing Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007)).  Therefore, before

directing the Clerk to enter default, "the Court must first determine whether Plaintiff properly effected service of process." Vilchez v. 3F Mgmt., LLC, No. 2:16-cv-652, 2016 WL 6395351, at *1 (M.D. Fla. Oct. 28, 2016) (citation omitted).

Plaintiff submits an affidavit of service signed by himself, in which he attests that "Defendant was served with a copy of the summons and complaint on July 3, 2023 as reflected on the docket sheet by the proof of service filed on July 3, 2023." (Doc. 5, at 2.) The Court's docket, however, does not have any entry on July 3, 2023, and there is no other entry on the docket that reflects Defendant Nathan Long of Veterans United was properly served. As such, Plaintiff has not shown that he has properly served Defendant Nathan Long of Veterans United in compliance with Rule 4. Therefore, Plaintiff's motion for entry of default (Doc. 5) is **DENIED**.

Moreover, Rule 4(m) states: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time." FED. R. CIV. P. 4(m). Here, the Complaint was filed on June 16, 2023, so service must be completed by **September 14, 2023**. (See Doc. 1.) Additionally, Defendants have made a special appearance and filed a motion to dismiss this action, one reason for dismissal being failure to effect service.

2

(Doc. 6, at 2, 11-13.) Accordingly, Plaintiff is **ORDERED** to file proof of service within fourteen (14) days of the date of this Order, or in the alternative, to show cause in writing within the same time as to why the case should not be dismissed as to Defendants Nathan Long and Veterans United Mortgage Company for failure of service of process pursuant to Rule 4(m).

**ORDER ENTERED** at Augusta, Georgia, this 15th day of September, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA