FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

24 APR 10  PM 3: 49

CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| DANIEL REEVES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 123-076 |
| | * | |
| NATHAN LONG and VETERANS | * | |
| UNITED MORTGAGE COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

---

**O R D E R**

---

Before the Court are Defendants' motion to dismiss (Doc. 6);
Plaintiff's motions for the Court to serve Defendants (Doc. 16,
18); and Plaintiff's motion to change venue (Doc. 26). For the
following reasons the Court **GRANTS** Defendants' motion to dismiss,
**DENIES** Plaintiff's motions to serve, **DENIES AS MOOT** Plaintiff's
motion to transfer, and **DISMISSES** this action **WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed the above-captioned case
on June 16, 2023 against Defendant Nathan Long, an individual
resident of Missouri, and Defendant Veterans United, a corporation
incorporated in Georgia with its principal place of business in
Missouri. (Doc. 1, at 2, 4.) Thereafter, the Court provided him
with basic instructions regarding the development of this case,

including the requirements of service of process. (Doc. 3.) On September 8, 2023, Plaintiff filed a motion for entry of default against Defendants. (Doc. 5.) On September 14, 2023, Defendants specially appeared and moved to dismiss Plaintiff's complaint based, in part, on failure to effect proper service. (Doc. 6, at 11-13.) After finding Plaintiff failed to serve Defendants, the Court denied Plaintiff's motion for entry of default. (Doc. 8.) The Court also ordered Plaintiff to file proof of service within 14 days or to show cause as to why the case should not be dismissed as to Defendants. (Id. at 3.) On September 22, 2023, Plaintiff filed a response to Defendants' motion to dismiss and to the Court's Order to file proof of service. (Docs. 12, 13.) On October 12, 2023, Plaintiff moved the Court to serve summons and pleadings on Defendants and to disregard Defendants' motion to dismiss. (Doc. 16.) Defendants opposed Plaintiff's motion. (Doc. 17.) On November 3, 2023, Plaintiff again moved the Court to serve Defendants on his behalf, to disregard Defendants' motion to dismiss, and to waive the time restrictions for service outlined under Rule 4. (Doc. 18.) On March 6, 2024, Plaintiff moved to transfer venues from this Court to the Northern District of Georgia Newnan Division. (Doc. 26, at 1.) Defendants opposed Plaintiff's motion to transfer. (Doc. 27.)

## II. DISCUSSION

Because Plaintiff is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progress of this case, which included a copy of Federal Rule of Civil Procedure 4 as well as a warning that he was responsible for timely serving Defendants in accordance with this Rule. (Doc. 3, at 1.) Plaintiff paid the full $402 filing fee when he initiated this lawsuit, and at no point then or thereafter has he sought leave to proceed *in forma pauperis* ("IFP"). Since Plaintiff is not proceeding IFP, Rule 4(c)(1) places the responsibility of service on him by one of the manners proscribed by Rule 4(e). FED. R. CIV. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served . . . .").

On October 12, 2023, and then again on November 3, 2023, Plaintiff requested the Court to serve summons and pleadings on his behalf – both of which, the Court notes, were filed *after* the time for service had expired. (Docs. 16, 18.) Under Rule 4(c)(3), "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed [IFP] . . . or as a seaman . . . ." FED. R. CIV. P. 4(c)(3)(emphasis added). As explained above, Plaintiff is not proceeding IFP, nor is he proceeding as a seaman. For requests made by non-IFP and non-seaman plaintiffs, "Rule 4

3

leaves to the Court's discretion the decision as to whether appointing a U.S. Marshal to effectuate service . . . would be appropriate." Bryant v. Publix Super Mkts., Inc., No. 1:20-CV-3916, 2020 WL 10066391, at *1 (N.D. Ga. Nov. 23, 2020) (alteration in original) (citation omitted). "[T]he Advisory Committee Notes state that appointment of the United States Marshal is generally proper when it is necessary to keep the peace . . . ." Davis v. U.S. Installation Grp. Inc., No. 12-80392-CIV, 2012 WL 4511359, at *2 (S.D. Fla. Oct. 2, 2012); see also FED. R. CIV. P. 4(c) advisory committee's note to 1993 amendment ("If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service."). Because Plaintiff is not entitled to service on his behalf, Plaintiff has provided no reason why marshal service is necessary, and his motions were filed after the time for service expired, the Court finds appointing a U.S. Marshal to effectuate service is not appropriate. Therefore, Plaintiff's motions for the Court to serve Defendants (Docs. 16, 18) are **DENIED**.

The Court now turns to whether Plaintiff, on his own accord, has effectuated timely service on Defendants. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff is

required to follow the rules of this Court and is subject to the consequences of failing to do so.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  Furthermore, the responsibility for properly effecting service stands firmly with Plaintiff.[1]  Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (per curiam) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)).  Plaintiff sued Defendant Long, an individual, and Defendant Veterans United, a corporation.  (See Doc. 1.)  The Court analyzes service on both Defendants.

Service upon an individual is proper if a copy of the summons and complaint is delivered to the individual personally; left at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivered to an agent authorized by appointment or by law to receive service of process.  FED. R. CIV. P. 4(e)(2)(A)-(C). However, service may also be accomplished by following the state law for service of process in the state where the court is located — here, Georgia — or the state where service is made — here, Missouri.  FED. R. CIV. P.

---

[1] The Court notes, for Plaintiff's benefit as a *pro se* litigant, that while Defendants may have actual notice of Plaintiff's lawsuit, actual notice does not cure defectively executed service, and Plaintiff still must comply with the strict procedures outlined in Rule 4.  Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) (citing Albra, 490 F.3d at 829).

4(e)(1).  The Georgia statute "prescribes rules for service on an individual in much the same manner as [Rule] 4(e)(2)."  Melton v. Wiley, 262 F. App'x 921, 923 n.3 (11th Cir. 2008) (citing O.C.G.A. § 9-11-4(e)(7)).  "No provision is made for leaving a copy at the individual's usual place of business or with the individual's employer."  Id. at 923.  Likewise, Missouri Supreme Court Rule 54.13(b)(1) is substantially identical to Federal Rule of Civil Procedure 4(e)(2), and provides for service on an individual as follows:

> (1) On Individual. Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Mo. S. Ct. R. 54.13(b)(1).

In response to the Court's September 15, 2023 Order, Plaintiff filed a "certificate of service" on September 22, 2023, which states, "Plaintiff do[es] certify that [Nathan Long, CEO Veterans United] was served a summons on September 19, 2023 via FEDEX . . . overnight . . . signed for by D. Ayton."  (Doc. 13, at 1.)  This is insufficient to properly serve an individual under Federal, Georgia, or Missouri law.  Service upon an individual under Federal, Georgia, or Missouri law must be personal, and none of

these jurisdictions allow for service on an individual by mail. See FED. R. CIV. P. 4(e)(2)(a)–(c); O.C.G.A. § 9-11-4(e)(7); Mo. S. Ct. Rule 54.13(b)(1).   Thus, Plaintiff has not properly served Defendant Long.

Service upon a domestic corporation is proper if a copy of the summons and complaint is delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Neither Plaintiff nor anything in the record suggests service was accomplished pursuant to Rule 4(h). As stated, Plaintiff contends he properly served Defendant Veterans United by "serv[ing] a summons on September 19, 2023 via FEDEX . . . overnight . . . signed for by D. Ayton." (Doc. 13, at 1.)   The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service. Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) ("The term 'delivering' appears to refer to personal service."). In Dyer, the Eleventh Circuit upheld dismissal of a *pro se* action on grounds of imperfect service where the only attempt at service was sending by certified mail a copy of the summons and complaint to the defendant corporation's registered agent. Id. at 843-44. Thus, service on Defendant Veterans United was not properly accomplished under applicable federal law.

But again, service may alternatively be accomplished by following the state law for service of process in the state where the court is located or the state where service is made — Georgia or Missouri. FED. R. CIV. P. 4(e)(1). Georgia allows service upon a corporation by delivering a copy of the summons and complaint to the president or other officer of such corporation, a managing agent thereof, or a registered agent thereof. O.C.G.A. § 9-11-4(e)(1)(A). "[T]he mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal." Ritts v. Dealers All. Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (citing Todd v. Harnischfeger Corp., 340 S.E.2d 22, 23 (Ga. Ct. App. 1985)). Thus, service on Defendant Veterans United was not proper under Georgia law.

Missouri allows service on a corporation in three ways: (1) "by delivering a copy of the summons and petition to an officer, partner, or managing or general agent"; (2) "by leaving the copies at any business office of the defendant with the person having charge thereof"; or (3) "by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process." Mo. Sup. Ct. R. 54.13(b)(3). Again, neither Plaintiff nor the record shows service accomplished in any of the three ways outlined under Missouri's

service of process rules. Plaintiff most closely approaches service under the second prong, but receipt by a person at Defendant Veteran United's office does not necessarily accomplish delivery to the person in charge of a business office. The record does not show "D. Ayton" was in charge of the business office, and it is Plaintiff's burden to establish jurisdiction, including proper service. United States for use & benefit of Krane Dev., Inc. v. Gilbane Fed. Co., No. CV 121-035, 2021 WL 3549899, at *3 (S.D. Ga. Aug. 11, 2021) ("'Once the sufficiency of service is brought into question, the plaintiff has the burden [to prove] proper service of process . . . .'" (quoting Cadot v. Miami-Dade Fire Rescue Logistics Div., No. 13-23767-CIV, 2014 WL 1274133, at *1 (S.D. Fla. Mar. 27, 2014))). Thus, Plaintiff has not properly served Defendant Veterans United under Missouri law.

Based on the foregoing, Plaintiff has not properly served Defendants. Furthermore, Plaintiff's obligation was to show good cause for his failure to serve Defendants. See FED. R. CIV. P. 4(m). In his motion requesting the Court serve Defendants on his behalf, Plaintiff states "[i]f the time has expired to serve summons, [Plaintiff] respectfully request[s] the [C]ourt to waive any time restrictions outlined under [R]ule 4 regarding summons to the [D]efendant[s]." (Doc. 18, at 2.) This is the closest Plaintiff ever comes to addressing "good cause." The Court finds Plaintiff failed to show the existence of good cause for his

9

failure to properly serve Defendants. See Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). While the Court may, in its discretion, "extend the time for service of process even in the absence of a showing of good cause," it declines to do so. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). The Court put Plaintiff on notice that he had an obligation to serve Defendants within 90 days, and he failed to do so. (See Doc. 3.) Defendants also moved to dismiss, citing insufficient service as a basis for dismissal in their motion. (Doc. 6, at 11-13.) Finally, the Court instructed Plaintiff to file proof of service or in the alterative to show good cause for failure to effectuate service. (Doc. 8, at 3.) Plaintiff has time and again failed to appropriately respond to the Court's direction and properly serve Defendants. Plaintiff's time to effect service has passed, and the Court declines to further extend Plaintiff's time to serve. Therefore, dismissal without prejudice of Plaintiff's complaint for failure to serve is proper, and Defendants' motion to dismiss (Doc. 6) is **GRANTED** on this ground. Because Plaintiff's complaint is dismissed for insufficient service of process, the Court declines to address the other arguments raised in Defendants' motion to dismiss. For this same reason, Plaintiff's motion to transfer venue is **DENIED AS MOOT**.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 6) is **GRANTED**, Plaintiff's motions for the Court to serve Defendants (Docs. 16, 18.) are **DENIED**, and Plaintiff's motion to transfer venue (Doc. 26) is **DENIED AS MOOT**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** any pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _10th_ day of April, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA